# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CORY GIBSON                                                                                         PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:09CV-P685-H

CITY OF LOUISVILLE METRO et al.                                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Cory Gibson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff sues in their individual and official capacities Mayor Jerry Abramson; Kentucky Governor Steve Beshear; Mark Bolton, Director of Louisville Metro Department of Corrections (LMDC); retired LMDC Director Tom Campbell; former Deputy Director of LMDC Laura McKune; Jamie Allen, LMDC Classification Coordinator; Steve Flener, LMDC Classification Supervisor; Corrections Officer Graham; and Doctor Smith employed by Correctional Medical Services at LMDC. He also sues the City of Louisville and Correctional Medical Services. He claims violations of equal protection, due process, and the Privileges and Immunities Clause and deliberate indifference to his medical needs, as well as negligent and intentional infliction of emotional distress. As relief, Plaintiff wants injunctive relief and compensatory and punitive damages.

According to his complaint, he was held at LMDC from April 6, 2007, to August 12, 2009, when he was transferred to another prison. He states that he pleaded guilty to second-

degree manslaughter and two counts of tampering with physical evidence on June 1, 2009.

Plaintiff claims that during patdowns in March 2008 his testicles and penis were groped causing him extreme pain. He claims that guards made comments about him having possessed a shank around other inmates thereby endangering his life. He states that he informed Defendant Flener about his grievable issues and retaliatory treatment and unanswered letters he wrote, but that Director McKune wrote him that the officers were within their scope of duty. He further states that in June 2008, he was moved to segregation without a disciplinary hearing and that in July 2008, his property was confiscated during a search. Plaintiff states that on August 2, 2008, he requested cleaning supplies to clean the shower, but Defendant Graham ignored his request. He states that Defendant Graham instructed him to return to his cell after being out for about 20 minutes even though he was supposed to be out for an hour. He claims that when he asked to speak to the sergeant Defendant Graham threw him on the ground and two other officers struck him while Defendant Graham held him in a chokehold until he passed out. He states that he awoke with a busted lip and severely bruised ribs and that medical attention was denied.

Plaintiff further alleges that on August 19, 2008, he was placed in administrative segregation without a disciplinary hearing. He states that he was moved into a cell which was only six feet by four feet and had no water for a 23-hour lockdown. He alleges that after he complained about his cell he was moved to Dorm 9 which had no television or phone. He states that after another routine search he noticed that more of his property was missing and that on October 29, 2008, he was moved to another dorm which did not have a working telephone, television, heat or hot water.

He states that he received no mail from August 18, 2008, to November 11, 2009,

2

including expected mail from family, attorneys and correspondence school. He further asserts that on November 28, 2008, he injured his left ankle. Plaintiff believed it was broken, but no medical treatment or x-ray was provided. He states that, after he wrote a grievance asking for medical treatment and an x-ray, his foot was x-rayed on December 1, 2009, but he was not given the results. Plaintiff alleges that LMDC has a policy of denying rights of equal protection and due process by ignoring action requests and grievances. He states that when he filed multiple grievances LMDC retaliated against him by obstructing his mail, destroying or taking his property, and placing him in administrative segregation.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Injunctive relief*

Plaintiff's requests for injunctive relief are moot because Plaintiff is no longer

incarcerated at LMDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). His claims for injunctive relief will therefore be dismissed by separate order.

***Claim against Governor Beshear***

Plaintiff's complaints arise from his incarceration in LMDC, not a facility that is part of the state's prison system. Nor does his complaint allege any wrongdoing against Plaintiff by the Governor. As he has raised no claims against this state official, his claim against the Governor will be dismissed for failure to state a claim.

***Claim against Mayor Abramson***

Plaintiff must allege some personal involvement by Mayor Abramson in the alleged constitutional violations. Some factual basis for his claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff's complaint fails to do so. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

***Equal-protection claim***

To sustain an equal-protection claim, Plaintiff must allege, in part, that Defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.,* 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged that the alleged wrongful conduct was intentionally taken against him because of his membership in a

4

protected class or that he was treated differently than similarly situated individuals. Therefore, Plaintiff's claim for relief for violation of the Equal Protection Clause is fatally flawed and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims against Mayor Abramson and Governor Beshear; his claims for injunctive relief; and his claims under the Equal Protection Clause. The Court will allow his other claims against Defendants Bolton, Campbell, McKune, Allen, Flener, Graham, Smith, the City of Louisville and Correctional Medical Services to go forward.

Date:


cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4412.009

5