UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-685-H

CORY GIBSON                                                                                    PLAINTIFF

V.

THE CITY OF LOUISVILLE METRO, et al.                                         DEFENDANTS

**MEMORANDUM OPINION**

On September 2, 2009, a Metro Corrections inmate brought this § 1983 action for violation of his civil rights and deliberate indifference to his needs while incarcerated. On March 18, 2010, the Court dismissed numerous parties and then set a discovery schedule. During that time all parties conducted some discovery and several other parties obtained dismissals on statute of limitations grounds.

In late March, 2011, the remaining Defendants have moved for summary judgment. As it turns out, there are several reasons that the remaining claims should be dismissed. Plaintiff brought these same specific allegations against some of the parties in a prior lawsuit, which was dismissed for failure to comply with Court orders and failure to prosecute. Claims against other parties fail because the only actions alleged are those in a supervisory capacity.

I.

On August 10, 2009, Plaintiff filed his first *pro se* complaint against Correctional Medical Services ("CMS"), alleging that CMS was deliberately indifferent to his medical needs after Plaintiff injured his left ankle on November 28, 2008. Specifically, Plaintiff alleged that he did not receive an x-ray or medical treatment for three days following his injury; that the x-ray

was never read by a physician; and that as a result, he sustained permanent physical damage to his ankle. On July 23, 2010, CMS filed a motion to dismiss for Plaintiff's failure to comply with the Court's order to certify completed discovery and file a pretrial memorandum. Plaintiff did not respond to CMS's motion to dismiss. On November 24, 2010, Judge Simpson granted CMS's motion, dismissing the complaint for "failure to comply with a prior Order of this Court and failure to prosecute."

Plaintiff filed the present action on September 2, 2009, against multiple directors and personnel of the City of Louisville, as well as against CMS and "Dr. Smith" of CMS. The only allegations that could possibly be directed toward CMS or "Dr. Smith" concerned the ankle injury allegedly sustained by Plaintiff on November 28, 2008, and the care CMS rendered in the following days. The remainder of the allegations concern actions or omissions that Plaintiff claims were taken by officers or other personnel of the Metro Department of Corrections.

A claim is barred by *res judicata* if all the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Here, Judge Simpson's decision was a final decision on the merits with preclusive effect. This current action contains the exact same allegations against CMS and Smith. The same causes of action were asserted in both cases. The two actions identify the same causes of action. Consequently, this Court concludes that the claims against CMS and Smith, asserted here, are barred by *res judicata*.

II.

Defendants Jamie Allen, Mark Bolton and Tom D. Campbell, each occupy supervisory positions with the Louisville Metro Detention Center ("LMDC"). In answers to Defendants' first set of interrogatories Plaintiff stated that his claims against Allen, Bolton and Campbell were based on their supervisory positions. His answers did not identify any active steps taken by either of these Defendants. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter,* 532 F.3d at 575*, Greene,* 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Plaintiff's claims concerning Defendants, Allen's, Bolton's and Campbell's supervisory authority fail. The doctrine of *respondeat superior,* or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Here, Plaintiff fails to assert any facts to demonstrate that Defendants, Allen, Bolton or Campbell, encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct.

III.

The remaining Defendant is Laura McKune, who is listed as the former deputy director of Louisville Corrections Department. Plaintiff does not allege that McKune personally took any

action against him, only that she wrote a letter in response to one of his complaints. These allegations are insufficient to maintain any personal action against McKune. Any claim based on her supervision of others is dismissed on the reasons set forth in Section II.

The Court will enter an order consisting with this Memorandum Opinion.

cc: Counsel of Record